**Eric B. Swartz, ISB #6396**
**JONES & SWARTZ PLLC**
**Landmark Legal Group™**
623 West Hays Street
Boise, ID  83702
Telephone:  (208) 489-8989
Facsimile:  (208) 489-8988
Email:  eric@jonesandswartzlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JOHNSON, individually and as an Idaho resident, TONI KREITER, individually and as an Idaho resident, RENE WHITNECK, individually and as an Idaho resident, and LINDA ELLIS, individually and an Idaho resident,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK, TOM DALE, PAM WHITE, each sued in their official capacity; and KIERAN DONAHUE, in his official capacity as Sheriff of Canyon County; VITALCORE HEALTH STRATEGIES LLC, a Kansas limited liability company doing business in Idaho,<br><br>                    Defendants. | Case No. 1:19-cv-364<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **VIOLATION OF EQUAL PAY ACT 29 U.S.C. §206(d)(1); AND**<br><br>2. **VIOLATION OF DISCRIMINATORY WAGE RATES BASED ON SEX IDAHO CODE § 44-1702** |

COMES NOW Plaintiffs Tracy Johnson, Toni Kreiter, Rene Whitneck, and Linda Ellis, by

and through their counsel of record, Jones & Swartz PLLC, Landmark Legal Group™, and by way

of their Complaint against Canyon County, and its Commissioners and Sheriff, and VitalCore

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

Health Strategies LLC, pleads and avers as follows:

## NATURE OF THE ACTION

This is an action for relief from employment discrimination in violation of the Equal Pay Act of 1963 and Idaho's prohibition against Discriminatory Wages Based on Sex.  Plaintiffs Tracy Johnson, Toni Kreiter, Rene Whitneck, and Linda Ellis (collectively, "Plaintiffs") are employees of the County and/or VitalCore Health Strategies LLC.  Plaintiffs serve as Licensed Practical Nurses ("LPN") at the County's Jail.

Plaintiffs, who are all women, are four of a total of five LPNs at the County Jail.  The fifth LPN is a male.  The male LPN earns more in wages than all of the Plaintiff women LPNs.

Plaintiffs allege that Defendants have denied Plaintiffs equal compensation based on sex.  Plaintiffs seek compensatory damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of their rights.

## PARTIES

1. Plaintiff Tracy Johnson is an Idaho citizen residing in the county of Canyon and has been an employee of Canyon County for approximately fifteen years.

2. Plaintiff Toni Kreiter is an Idaho citizen residing in the county of Gem and has been an employee of Canyon County for approximately three years.

3. Plaintiff Rene Whitneck is an Idaho citizen residing in the county of Canyon and has been an employee of Canyon County for approximately fifteen years.

4. Plaintiff Linda Ellis is an Idaho citizen residing in the county of Ada and has been an employee of Canyon County for approximately twenty years.

5. Defendant Canyon County is a county organized under Title 31 of the Idaho Code. The County is amenable to suit through its Board of County Commissioners, whose

members Leslie Van Beek, Tom Dale, and Pam White are Defendants herein each of whom is sued in their official capacity. Pursuant to Idaho Code section 31-816, the County, through its Commissioners, is charged with fixing the compensation of all county officers and employees, and providing for the payment of the same.

6. At all relevant times hereto, Defendant Kieran Donahue served in his official capacity as Sheriff of Canyon County and in that capacity is tasked with, *inter alia*, taking charge of and keeping the Canyon County Jail.

7. Defendant VitalCore Health Strategies LLC ("VitalCore") is a Kansas limited liability company that, in about September 2019, was awarded a contract to operate the medical unit of the Canyon County Jail and by that contract has become Plaintiffs' employer and/or co-employer along with Defendants.

## VENUE AND JURISDICTION

8. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

9. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

10. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District.

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

## GENERAL ALLEGATIONS

11. At all relevant times hereto, Defendants employed five LPNs to work at the Canyon County Jail.

12. At all relevant times hereto, Plaintiffs, who are all female, were four of the five LPNs employed by Defendants.

13. At all relevant times hereto, the fifth LPN employed by Defendants was a male.

14. At all relevant times hereto, Plaintiffs were paid less than their male colleague for equal work, the performance of which required equal skill, effort, and responsibility, and which was performed under similar working conditions.

15. Plaintiffs' work as LPNs at the County Jail was substantially equal to their male colleague's work as an LPN at the County Jail.

16. The only discernable difference between Plaintiffs and their male colleague in the performance of their jobs is that Defendants maintain different male and female uniforms – requiring Plaintiffs to wear medical scrubs while permitting their male colleague to wear tactical pants and a polo shirt.

17. Plaintiffs' qualifications as LPNs are equal to, or superior to, their male colleague's qualifications as an LPN:

| Employee | License Type | Lic. # |
|---|---|---|
| Linda Ellis | PN | 11047 |
| Tracy Johnson | PN | 14753 |
| Rene Whitneck | PN | 12350 |
| Toni Kreiter | PN | 11504 |
| Male Colleague | PN | 153XX |

18. Plaintiffs' years of employment with Defendants are commensurate with, or exceed the number of years of Plaintiffs' male colleague's employment with Defendants, and

yet, Plaintiffs' wage rates are less:

| Employee | Yrs. Employed | Position | Wage Rate |
|---|---|---|---|
| Linda Ellis | 20 | LPN | $24.8611 |
| Tracy Johnson | 15 | LPN | $24.0275 |
| Rene Whitneck | 15 | LPN | $23.8510 |
| Toni Kreiter | 3 | LPN | $23.1587 |
| Male Colleague | 6 | LPN | $31.24 |

19. The disparity in pay between the Plaintiffs and their male colleague is not the result of a seniority system, merit system, a system which measures earnings by quantity or quality of production, nor any other factor other than sex.

## COUNT I:

### VIOLATION OF EQUAL PAY ACT
### 29 U.S.C. §206(d)(1)

20. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein.

21. Section 206(d)(1) of the Equal Pay Act makes it unlawful for an employer "to discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, efforts, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."

22. Defendants have employed Plaintiffs and their male colleague as LPNs at the County Jail – a job requiring substantially equal skill, effort, and responsibility.

23. Plaintiffs and their male colleague performed their jobs under similar working conditions.

24. Plaintiffs were paid a lower wage than their male colleague doing substantially equal work.

25. The differential in pay between male and female employees was not due to a bona fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

26. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

27. As a direct, legal and proximate result of Defendants' conduct, willful or otherwise, Plaintiffs have sustained, and will continue to sustain, economic damages, including but not limited to back wages and benefits and front wages and benefits, all in amounts to be proven at trial.

28. As a result of Defendants' actions, Plaintiffs seek compensatory and monetary relief available for equal pay violations at trial, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## COUNT II:

### DISCRIMINATORY WAGE RATES BASED ON SEX
### IDAHO CODE § 44-1702

29. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein.

30. Idaho Code section 44-1702 Act makes it unlawful for an employer to "discriminate between or among employees in the same establishment on the basis of sex, by paying wages to any employee in any occupation in this state at a rate less than the rate at which [it] pays any employee of the opposite sex for comparable work on jobs which have comparable

requirements relating to skill, effort and responsibility."

31. Defendants have employed Plaintiffs and their male colleague as LPNs at the County Jail – a job requiring comparable work with comparable requirements relating to skill, effort and responsibility.

32. Plaintiffs were paid a lower wage than their male colleague doing substantially equal work.

33. The differential in pay between male and female employees was not due to an established seniority system or merit increase system.

34. Defendants caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Idaho law.

35. As a direct, legal and proximate result of Defendants' conduct, willful or otherwise, Plaintiffs have sustained, and will continue to sustain, economic damages, including but not limited to back wages and benefits and front wages and benefits, all in amounts to be proven at trial.

36. As a result of Defendants' actions, Plaintiffs seek compensatory and monetary relief available for equal pay violations at trial, including liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to Idaho Code § 44-1704.

## COUNT III:

## INJUNCTIVE RELIEF

37. Plaintiffs reallege and incorporate by reference all of the foregoing allegations as if fully set forth herein.

38. Defendants should be permanently enjoined from engaging in practices that violate state and federal law prohibiting wage disparity.

39.	Defendants should be permanently enjoined from engaging in any retaliatory act against Plaintiffs in response to Plaintiffs' complaining of the wage disparity at issue herein.

40.	Injunctive relief of this nature is required to prevent harm to Plaintiffs which would otherwise be irreparable under the law.

## REQUEST FOR ATTORNEY FEES

Plaintiffs have been forced to retain the services of counsel and incur attorney fees and costs related to the prosecution of this action.  Plaintiffs are entitled to recover their reasonable costs and attorney fees incurred pursuant to any and all Federal Rule of Civil Procedure 54; 29 U.S.C. § 216, Idaho Code §§12-121 and 44-1702; and other applicable state and federal law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment for relief in their favor and against Defendants as follows:

1.	For an order awarding Plaintiffs their damages in amounts to be proven at trial, including, back pay and benefits, liquidated damages, front pay and benefits, pre and post judgment interest, and other compensation pursuant to 29 U.S.C. §216(b) and Idaho Code § 44-1702.

2.	For an order awarding Plaintiffs their reasonable costs of suit, attorney fees, and post-judgment interest pursuant to Federal Rule of Civil Procedure 54; 29 U.S.C. § 216, Idaho Code § 44-1702; and other applicable state and federal law; or $5,000 should this matter proceed by default against any Defendant;

3.	 For an order enjoining Defendants from violating 29 U.S.C. §215(a)(2), (a)(3), or

206(d), and Idaho Code § 44-1702(1) or (3); and

    4.    For any and all further relief the Court may deem just, equitable, and proper.

DATED this 23rd day of September, 2019.

                            JONES & SWARTZ PLLC

                            By  /s/  Eric B. Swartz
                                ERIC B. SWARTZ