PAMELA S. HOWLAND
Idaho State Bar No. 6177
REBECCA L. STEWART
Idaho State Bar No. 10777
IDAHO EMPLOYMENT LAWYERS, PLLC
1116 S. Vista Ave., #474
Boise, ID  83705
Telephone (208) 484-8921
Facsimile: (208) 534-7445
Email: phowland@idemploymentlawyers.com;
Email: rstewart@idemploymentlawyers.com

Attorneys for Defendant Canyon County, Idaho.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JOHNSON, individually and as an Idaho resident, TONI KREITER, individually and as an Idaho resident, RENE WHITNECK, individually and as an Idaho resident, and LINDA ELLIS individually and as an Idaho resident,<br><br>Plaintiff,<br><br>vs.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK, TOM DALE, PAM WHITE, each sued in their officially capacity; and KIERAN DONAHUE, in his official capacity as Sheriff of Canyon County; VITALCORE HEALTH STRATEGIES LLC, a Kansas limited liability company doing business in Idaho,<br><br>Defendants. | Case No. 1:19-cv-00364-REB<br><br>**DEFENDANT CANYON COUNTY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 1**

Defendant Canyon County ("the County") hereby files its answer to the Complaint (the "Complaint") of Ms. Tracy Johnson, Ms. Toni Krieter, Ms. Rene Whitneck and Ms. Linda Ellis, (collectively "Plaintiffs") by admitting, denying, and alleging as follows. The remaining Defendants are improperly named as parties, and, since the Plaintiffs have failed to state valid claims against them, have filed a motion to dismiss herewith.

## FIRST DEFENSE

1. Plaintiffs' claims are barred in whole or in part by their failure to state a claim.

## SECOND DEFENSE

2. Defendant denies each and every statement and allegation in the Complaint that is not expressly and specifically admitted herein.

## NATURE OF THE ACTION

1. Plaintiffs' Complaint contains an introductory paragraph entitled "Nature of the Action." There are various allegations within this paragraph, none of which are numbered. Paragraph 1, sentence 1 contains no factual allegations that require a response. Defendant admits the second sentence in the first paragraph insofar as Plaintiffs were formerly employed by Canyon County. Defendant admits the final sentence of Paragraph 1 insofar as Plaintiffs used to work as registered nurses. Defendant denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. As to Paragraph 2, Defendant admits that Plaintiffs are female. Defendant further admits that there were five licensed practical nurses previously employed by Canyon County at certain points in time. Defendant admits that for some periods of time, one Licensed Practical Nurse was male. Defendant denies any all remaining allegations contained in Paragraph 2 of the introductory paragraph of Plaintiffs' Complaint.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 2**

3.      Paragraph 3 does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 3 of the introductory paragraph of Plaintiff's Complaint.

## PARTIES

4.      As to Paragraph 1, Defendant lacks sufficient information to form a belief as to the truth or falsity of Paragraph 1, and therefore denies the same. Defendant admits that insofar as Plaintiff Tracy Johnson was employed with Canyon County, she was employed from April 26, 2004, until her employment terminated on September 30, 2019.

5.      As to Paragraph 2, Defendant lacks sufficient information to form a belief as to the truth or falsity of Paragraph 2, and therefore denies the same. Defendant admits that insofar as Plaintiff Toni Kreiter was employed by Canyon County, she was employed from November 7, 2016, until her employment terminated on September 30, 2019.

6.      As to Paragraph 3, Defendant lacks sufficient information to form a belief as to the truth or falsity of Paragraph 3, and therefore denies the same. Defendant admits that insofar as Plaintiff Rene Whitneck was employed by Canyon County, she was employed from January 10, 2005, until her employment terminated on September 30, 2019.

7.      As to Paragraph 4, Defendant lacks sufficient information to form a belief as to the truth or falsity of Paragraph 4, and therefore denies the same. Defendant admits that insofar as Plaintiff Linda Ellis was employed by Canyon County, she was employed from April 3, 2000, until her employment terminated on September 30, 2019.

8.      Paragraph 5 is comprised of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 3**

9. Defendant admits Paragraph 6 insofar as Defendant Kieran Donahue is the Sheriff of Canyon County. The remaining allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

10. Paragraph 7 states legal conclusions to which no response by Defendant is required. Defendant further notes that it lacks sufficient information to form a belief as to the truth or the falsity of the allegations in Paragraph 7. To the extent Defendant is required to respond to Paragraph 7, it denies these allegations.

## VENUE AND JURISDICTION

11. Paragraphs 8 through 10 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 8 through 10 of Plaintiffs' Complaint.

## GENERAL ALLEGATIONS

12. Defendant denies the allegations in Paragraph 11 insofar as it does not allege what time period it is referencing, and, thus, is vague and ambiguous.

13. Paragraph 12 is vague and ambiguous, as it does not state the time period to which it relates. Defendant admit Paragraph 12 insofar as each of the Plaintiffs identified are females. Defendant denies the remainder of Paragraph 12 of Plaintiffs' Complaint.

14. Paragraph 13, like Paragraphs 11 and 12, is vague and ambiguous, as it does not state the time period to which it pertains and insofar as it refers to an unidentified "fifth LPN." Defendant admits Paragraph 13 insofar as Canyon County previously employed a male Licensed Practical Nurse. Defendant denies all other allegations in Paragraph 13 of Plaintiffs' Complaint.

15. Paragraph 14 is vague and ambiguous as it does not state the time period to which it relates and does not identify the male colleague at issue. In addition, Paragraph 14 states legal

conclusions to which no response by Defendant is required. To the extent a response is required, Defendant denies Paragraph 14.

16. Paragraph 15 is vague and ambiguous as it lacks a definitive time frame and insofar as the male colleague at issue is not identified. Paragraph 15 further states legal conclusions to which no response by Defendant is required. To the extent a response it required, Defendant denies Paragraph 15.

17. Defendant denies the allegation in Paragraph 16.

18. Paragraph 17 states legal conclusions to which no response by Defendant is required. In addition, it is vague and ambiguous as the male colleague is not identified. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

19. Defendant denies Paragraph 18.

20. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 19.

## COUNT I:

### VIOLATION OF EQUAL PAY ACT
### 29 U.S.C. §206 (d)(1)

21. Defendant hereby incorporates by reference all previous answers and responses as its response to Paragraph 20 of Plaintiffs' Complaint.

22. Paragraph 21 does not state any factual allegation to which a response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

23. Paragraphs 22 through 28 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 22 through 28.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 5**

## COUNT II:

## DISCRIMINATORY WAGE RATES BASED ON SEX
### Idaho Code § 44-1072

24. Defendant hereby incorporates by reference all previous answers and responses as its response to Paragraphs 29 of Plaintiffs' Complaint.

25. Paragraph 30 does not contain any factual allegations to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

26. Paragraphs 31 through 36 state legal conclusions to which no response by Defendant is required. To the extent a response is required, Defendant denies these allegations.

## COUNT III:

## INJUNCTIVE RELIEF

27. Defendant hereby incorporates by reference all previous answers and responses as its response to Paragraph 37 of Plaintiffs' Complaint.

28. Paragraphs 38 and 39 fail to allege any facts that require a response on the part of the Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 38 and 39.

29. Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40.

30. Defendant denies that Plaintiff is entitled to any attorney fees.

31. Defendant denies that Plaintiff is entitled to a jury trial.

32. Defendant denies that Plaintiff is entitled to any relief, including the relief alleged in Paragraphs 1 through 4 of Plaintiffs' Prayer for Relief.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 6**

## REQUEST FOR ATTORNEY FEES

As a result of the filing of Plaintiff's Complaint, Defendant has been required to retain legal counsel to defend this action and is entitled to recover attorney fees, pursuant to the provisions contained in Idaho Code § 12-120(1) and Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rule or statutes.

## THIRD DEFENSE

33. Each and every action taken by Defendant was taken for legitimate, neutral and non-discriminatory/non-retaliatory business reasons.

## FOURTH DEFENSE

34. Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to otherwise mitigate their damages.

## FIFTH DEFENSE

35. Plaintiffs' claims are barred by the doctrine of accord and satisfaction in that each Plaintiff received their entitled compensation, including all benefits, timely.

## SIXTHTH DEFENSE

36. At all times relevant hereto, Defendant acted reasonably and in good faith toward Plaintiffs, and did not violate any rights which may be secured to Plaintiffs under any federal, state or local law, rule, ordinance, regulations, constitution or guidelines.

## SEVENTH DEFENSE

37. Damages are too speculative to be awarded.

## EIGHTHTH DEFENSE

38. The Court lacks jurisdiction over the Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 7**

### NINTHTH DEFENSE

39.     Plaintiffs' claims are barred, in whole or part, by the doctrines of waiver, estoppel and/or unclean hands.

### TENTH DEFENSE

40.  Plaintiffs have failed to name the proper party.

### ELEVENTH DEFENSE

41. Defendant reserves the right to assert additional defenses as discovery progresses.

### TWELFTH DEFENSE

42. Plaintiffs failed to exhaust to administrative remedies.

### THIRTEENTH DEFENSE

43. To the extent there was a pay disparity, any pay differential was based on "any other factor other than sex," i.e., through a payroll mistake or clerical error.

### FOURTEENTH DEFENSE

44. An injunction is not appropriate here, where the Defendant no longer employs Plaintiffs.

### FIFTEENTH DEFENSE

45.  Plaintiffs have failed to comply with statutory requirements, including those set forth in I.C. § 6-110 as they have failed to post a bond where one is due.

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 8**

**PRAYER FOR RELIEF**

WHEREFORE, Defendant seek judgment against Plaintiffs and an order from the Court as follows:

      A.      Dismissing Plaintiffs' Complaint with prejudice;

      B.      Awarding Defendant such other and further relief as this Court deems just and proper.

DATED this 1st Day of November 2019.

                IDAHO EMPLOYMENT LAWYERS PLLC

                /s/ Pamela S. Howland
                PAMELA S. HOWLAND
                Attorneys for Defendant Canyon County

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of November, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

| | |
|---|---|
| Mr. Eric B. Swartz | [ ] U.S. Mail, Postage Prepaid |
| JONES & SWARTZ | [ ] Express Mail |
| Landmark Legal Group | [ ] Hand Delivery |
| 623 W. Hays Street | [ ] Fax |
| Boise, ID 83702 | [X] CM/ECF filing |
| Telephone: (208) 489-8989 | [ ] Electronic Mail: |
| Facsimile: (208) 489-8988 | |
| Email: eric@jonesandswartzlaw.com | |

                /s/ Pamela S. Howland
                PAMELA S. HOWLAND

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT - 9**