IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JOHNSON, individually and as an Idaho resident, TONI KREITER, individually and as an Idaho resident, RENE WHITNECK, individually and as an Idaho resident, and LINDA ELLIS, individually and as an Idaho resident,<br><br>Plaintiffs,<br><br>v.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK,TOM DALE, PAM WHITE, each sued in their official capacity; and KIERAN DONAHUE, in his official capacity as Sheriff of Canyon County; VITALCORE HEALTH STRATEGIES, LLC, a Kansas limited liability company doing business in Idaho,<br><br>Defendants. | Case No. 1:19-CV-364-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by the individual Canyon County Commissioners and the Canyon County Sheriff. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

# ANALYSIS

This action was brought by four Licensed Practical Nurses employed by Canyon County at the Canyon County Jail. They allege that they are paid less than their male counterpart in violation of the Equal Pay Act. They have sued Canyon County along with the individual Canyon County Commissioners and the Canyon County Sheriff, all in their individual capacities only. Plaintiffs seek compensatory damages and liquidated damages as remedies for the alleged violation of their rights.

The individual Commissioners and the Sheriff have filed a motion to dismiss on the ground that this action brought against them in their official capacities only is duplicative of the action against the County and subject to dismissal. The Court agrees.

Official-capacity suits represent a means to plead an action against an entity of which an officer is an agent. *Monell v. New York City*, 436 U.S. 658, 690, n. 55 (1978). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Hillblom v. County of Fresno,* 539 F.Supp. 2d 1192, 1202 (E.D. Calif. 2008) (quoting *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D.Cal.1997)). "[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Id.* As the district court in *Hillblom* explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper

for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*Hillblom,* 539 F.Supp. 2d at 1203 (quoting *Luke,* 954 F.Supp. at 204).

In this case, the individual Commissioners and the Sheriff have been sued only in their official capacities along with the County. In accordance with the authority quoted above, the Court finds the action against the individuals in their official capacity to be redundant with the action against the County and will therefore grant the motion to dismiss.

**ORDER**

In accordance with the Memorandum Decision set forth below,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 12) is GRANTED and that the following defendants are dismissed: Canyon County Commissioners Leslie Van Beek, Tom Dale and Pam White and Canyon County Sheriff Kieran Donahue.

DATED: February 3, 2020

B. Lynn Winmill
U.S. District Court Judge