IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JOHNSON, individually and as an Idaho resident, TONI KREITER, individually and as an Idaho resident, RENE WHITNECK, individually and as an Idaho resident, and LINDA ELLIS, individually and as an Idaho resident,<br><br>Plaintiffs,<br><br>v.<br><br>CANYON COUNTY, IDAHO, by and through the members of its Board of County Commissioners, LESLIE VAN BEEK,TOM DALE, PAM WHITE, each sued in their official capacity; and KIERAN DONAHUE, in his official capacity as Sheriff of Canyon County; VITALCORE HEALTH STRATEGIES, LLC, a Kansas limited liability company doing business in Idaho,<br><br>Defendants. | Case No.  1:19-CV-364-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for partial summary judgment filed by plaintiff and a motion for summary judgment filed by the defendant Canyon County.  The Court heard oral argument on August 26, 2020.  For the reasons explained below, the Court will

**Memorandum Decision & Order – page 1**

grant in part and deny in part the motion for partial summary judgment filed by plaintiff and deny the motion for summary judgment filed by Canyon County.

## LITIGATION BACKGROUND

Plaintiffs are four female Licensed Practical Nurses (LPN) who worked for Canyon County. They have sued Canyon County claiming that they were paid less than their male counterpart for the same work in violation of the Equal Pay Act (EPA) and the Idaho Equal Pay Act. In an earlier decision and a subsequent stipulation all defendants were dismissed except for Canyon County.

The County has now filed a motion for summary judgment arguing that the pay differential in this case was the result of a mistake and thus not a violation of the EPA or the Idaho EPA. Plaintiffs responded with a motion for partial summary asking the Court to dismiss the mistake defense and to find as a matter of law that defendants violated the EPA (and the Idaho EPA) and acted willfully in doing so.

In this case there is no dispute that a male LPN, Robert Predmore, was paid more than the plaintiffs, who are female LPNs and who performed the same work as Predmore. The County argues, however, that the pay differential was the result of a mistake that occurred when Predmore was erroneously labeled as a Registered Nurse (RN) and given the higher wage granted to RNs. Defendants argue that this mistake is a full defense to an EPA claim and should result in dismissal of this action. Plaintiffs respond that the mistake is not a defense, that the pay differential is a violation of the EPA and was done willfully. If the plaintiffs' motion is granted, the only issue remaining for litigation is damages.

**Memorandum Decision & Order – page 2**

**FACTUAL BACKGROUND**

Robert Predmore was hired as an LPN in 2013 by Canyon County. At the time he was hired, he was given a Position Control Number ("PCN") that was previously held by an RN. Tagging Predmore with that PCN created a potential for confusion given that Predmore was only an LPN but now had a PCN associated with a prior RN. An RN was allowed to perform a broader scope of work duties than an LPN and was consequently required to have greater qualifications. To avoid this potential confusion, the County argues that it would typically designate the employee as an "underfill" – that is, an employee who did not meet the qualifications assumed by the PCN. That would essentially be a signal to not rely on the PCN in making any personnel decisions, including wage decisions, regarding that employee. But here, the County asserts, Predmore was never designated as an "underfill" because the person responsible for making that designation had a serious illness that ultimately took her life.

The inaccurate PCN made no difference to Predmore for several years. But in 2016 the County overhauled its compensation plan. This included inputting information into Excel spreadsheets that tracked position titles, position control numbers, hourly rates of pay, salaries, and years of employment with the County. The County formed a Compensation Committee, staffed with department heads and other designees who, among other things, determined applicable pay ranges, slotted employees within them, and addressed other compensation issues. Members of the Compensation Committee included the Director of Human Resources, the Controller, the Chief Deputy for the Sheriff's Office and a member of the Legal Department. To review the 850 County

**Memorandum Decision & Order – page 3**

employees and all their associated data, the Committee created Excel Spreadsheets, as described below:

> The Compensation Committee entered all of the data collected into a complex multi-page Excel Spreadsheet with dozens of columns. Each of the columns could be collapsed in order to be able to review the pertinent information more closely. This *often* included the collapsing of names within the spreadsheet so that the Compensation Committee was not aware of the names of any individual employee.

*See Statement of Undisputed Facts (Dkt. No. 35-2)* at ¶ 51 (emphasis added). Those spreadsheets contained the names of each employee so that it was possible to link the name of the employee to the data associated with that employee. But a member of the Committee, Zach Wagoner, states that the column with names was collapsed so it could not be seen, and he added that "[w]e did not review the individual persons who were holding the positions and we did not consider the gender of the persons holding the positions." *See Wagoner Declaration (Dkt. No. 35-5)* at ¶ 7. Wagner attaches a copy of the Excel Spreadsheet showing the names of the employees blacked out to illustrate what the Committee members saw when they examined the Spreadsheets. *Id.* at Exh. A.

It is odd, given Wagner's categorical denial of seeing the names of employees, that the County states in its Statement of Undisputed Facts – as quoted above – that the collapsing of the columns in the Spreadsheet "*often* included the collapsing of names" implying that sometimes the names were revealed. *See Statement of Undisputed Facts supra,* (emphasis added).

The Excel Spreadsheet identifies Predmore's job title as "RN" and he was accordingly given a raise to the higher salary level of an RN in the 2016 compensation

overhaul even though he did not hold that designation.  This was a mistake, the County argues, that cannot constitute a violation of the EPA or the Idaho EPA.

## ANALYSIS

To establish a prima facie case of wage discrimination under the EPA, an employee need only show that "the employer pays different wages to employees of the opposite sex for substantially equal work." *Rizo v. Yovino,* 950 F.3d 1217, 1222 (9th Cir. 2020).  "The Equal Pay Act creates a type of strict liability; no intent to discriminate need be shown."  *Maxwell v. Tucson*, 803 F.2d 444, 446 (9th Cir. 1986).  Plaintiffs have made out a prima facie case by showing that Predmore, a male, received a higher wage for substantially similar LPN work than the four female plaintiffs.  The County's defense of mistake is not relevant to plaintiffs' prima facie case because intent is irrelevant to the prima facie case.

The burden of persuasion now shifts to the County to show that the wage disparity is permitted by one of the four statutory exceptions to the EPA: (i) a seniority system, (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a system that creates a differential based on any other factor other than sex.  *See* 29 U.S.C. § 206(d)(1).  Defendants claim that their mistake falls within the fourth exception.

The Ninth Circuit "requires that the fourth exception be read in relation to the three exceptions that precede it, as well as in relation to the 'equal work' principle to which it is an exception."  *Rizo,* 950 at 1224. "Because the three enumerated exceptions are all job-related, and the elements of the 'equal work' principle are job-related,

**Memorandum Decision & Order – page 5**

Congress' use of the phrase 'any other factor other than sex' (emphasis added) signals that the fourth exception is also limited to job-related factors." *Id.* "In the EPA, the first three exceptions – seniority systems, merit systems, and productivity systems – relate to job experience, job qualifications, and job performance. Because the enumerated exceptions are all job-related, the more general exception that follows them refers to job-related factors too." *Id.*

By the County's own argument, the pay differential was not based on any job-related factors but was based instead on blind adherence to a PCN.  Blind adherence to a classification number is actually the opposite of a job-related factor because it is blind to anything akin to job experience, qualifications, or performance.  Hence, under *Rizo,* that mistake cannot qualify under the fourth exception to the EPA.  The Court finds as a matter of law that plaintiffs are entitled to a partial summary judgment dismissing the defendants' defense of mistake to the EPA claim.  Because it is undisputed that the Idaho EPA claim is governed by the same analysis as EPA claims, the Court will likewise hold dismiss the mistake defense to the Idaho EPA claim.

The plaintiff has established a prima facie case and the County has no defense under the four statutory exceptions.  Therefore, the Court will grant plaintiffs' motion for partial summary judgment finding that Canyon County violated the EPA and Idaho's EPA by paying a male LPN more than the four female LPNs who are plaintiffs in this action.

The Court turns next to the cross-motions on the issue of willfulness – the County seeks to dismiss the claim and plaintiffs seek a partial summary judgment on the claim.

**Memorandum Decision & Order – page 6**

However, substantial questions of fact preclude summary judgment for either side.  The Court will not repeat the County's evidence that the wage differential was a mistake, and on this issue a mistake is relevant – conduct that is the result of a mistake is not willful.  But the plaintiffs have submitted contrary evidence.  For example, Predmore was hired as an LPN.  The position he applied for and was interviewed for was an LPN position, not an RN underfill position.  His hiring paperwork shows that his job title was "LPN" and he was paid as an LPN was several years.  During those years he had the PCN designation previously granted to an RN, but the PCN apparently made no difference because he was paid as an LPN from 2013 to 2016.  Why did the PCN suddenly make a difference in 2016 when it had made no difference from 2013 to 2016?  That is a question for which there is no clear answer in the record.

The County was aware of his status because they assigned him only LPN work, , and evaluated him as an LPN.  While the County argues that the Excel Spreadsheet in 2016 blacked out the names and granted Predmore the RN job title due to blind adherence to the PCN, the Excel Spreadsheet nowhere contains Predmore's PCN (or any employee's PCN for that matter).  There is, however, an email in the record, dated July 16, 2019, between County Human Resources staff uncovering the fact that Predmore was not an RN and stating that "he [Predmore] was changed to an RN in 2014."  Does that mean that Predmore was designated as an RN in 2014, two years before the compensation overhaul?  If so, was it done intentionally?  There is no explanation in this record as to that change.

**Memorandum Decision & Order – page 7**

At any rate, there is substantial evidence on both sides of the issue of willfulness that precludes a summary judgment on that issue.

## Conclusion

For the reasons set out above, the Court will (1) deny the motion for partial summary filed by the plaintiff on the issue of willfulness; (2) grant the motion for partial summary judgment filed by plaintiff dismissing the defense of mistake to the claims based on the EPA and Idaho EPA; and (3) deny the motion for partial summary judgment filed by the County.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment filed by defendant Canyon County (docket no. 35) is DENIED.

IT IS FURTHER ORDERED, that the motion for partial summary judgment filed by plaintiffs (docket no. 40) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to dismiss the mistake defense and to find as a matter of law that Canyon County violated the Equal Pay Act and Idaho Equal Pay Act but is denied to the extent it seeks summary judgment on the issue of willfulness.

DATED: August 27, 2020

B. Lynn Winmill
U.S. District Court Judge