UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CANYON COUNTY, IDAHO,<br><br>Defendant. | Case No. 1:19-cv-00364-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it the Motion for Reconsideration or for Permission to Appeal and Motion to Stay Pending Appeal filed by Defendant Canyon County.[1] (Dkt. 51.) The Court finds the motion appropriate for decision based on the briefing and that oral argument is not necessary. *See* Local Rule 7.1(d)(1)(B). For the reasons discussed below, the Court denies the County's motion.

---

[1] All defendants except Canyon County have been previously dismissed from this action. (*See* Dkts. 23, 24, 29.)

## BACKGROUND

Plaintiffs are four female Licensed Practical Nurses (LPNs) who filed this action claiming that Canyon County paid them less than their male counterpart for the same work in violation of the Equal Pay Act (EPA) and the Idaho Equal Pay Act.

The County filed a motion for summary judgment arguing that the pay differential at issue was the result of a mistake and thus was not a violation of the EPA or the Idaho EPA as a matter of law. Plaintiffs filed a cross-motion for partial summary judgment requesting dismissal of the County's mistake defense and requesting that the Court find, as a matter of law, that the County willfully violated the EPA and Idaho EPA.

On August 27, 2020, the Court entered a Memorandum Decision and Order (Dkt. 47) denying Plaintiff's motion for partial summary judgment on the issue of the County's willfulness; but granting Plaintiffs' motion for partial summary judgment, and denying the County's motion for summary judgment, on the issue of whether the mistake raised by the County is a defense to EPA and Idaho EPA claims.

Canyon County seeks reconsideration of the Court's decision and, alternatively, requests that the Court grant it permission to file an interlocutory appeal to the Ninth Circuit and stay the case pending the outcome of that appeal.

# ANALYSIS

## A. Motion for Reconsideration

The County argues that the Court committed clear error in holding that the County's "mistake" in implementing its job classification system does not qualify as a defense under the fourth exception to the EPA. The Court disagrees.

As explained in the Memorandum Decision and Order (Dkt. 47), under *Rizo v. Yovino*, 950 F.3d 1217, 1224 (9th Cir. 2020), to qualify as a defense under the fourth exception to the EPA, the pay differential must be based on a factor other than sex that is *job-related*. In the present case, the pay differential was not based on any job-related factor but was instead based on blind adherence to a position control number system. "Blind adherence to a classification number is actually the opposite of a job-related factor because it is blind to anything akin to job experience, qualifications, or performance." (Dkt. 47.) Thus, under *Rizo*, the "mistake" claimed by the County cannot qualify under the fourth exception to the EPA.

The County argues, however, that the fourth exception's "factor other than sex" can be job- or *business-related*. Again, the Court disagree and finds that the holding in *Rizo* is clear—under the fourth exception, the "factor other than sex" must be a *job-related* factor. Further, in so holding, *Rizo* explicitly overruled the

holding in *Kouba v. Allstate Ins. Co.,* 691 F.2d 873 (9th Cir. 1982), that allowed reliance on "business reasons" and "business policy":

> Finally, *Kouba*'s reliance on "business reasons" and "business policy" provides little guidance to district courts and cannot be squared with the Supreme Court's rejection of the market force theory. [*See Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)]. "Business reasons" is a category so capacious that it can accommodate factors entirely unrelated to the work employees actually perform. The phrase sweeps in what *Corning Glass* described as business decisions that "may be understandable as a matter of economics," but which nonetheless "became illegal once Congress enacted into law the principle of equal pay for equal work." For these reasons, we narrow our definition of the scope of the fourth exception to job-related factors other than sex and clarify that prior pay, alone or in combination with other factors, is not one of them.

*Rizo*, 950 F.3d at 1230.

Thus, although the EPA "places no limit on the factors an employer may consider in setting employees' wages, [] it places on employers the burden of demonstrating that sex played no role in causing wage differentials. To meet this burden, employers may rely on any bona fide *job-related* factor other than sex." *Id.* at 1232 (emphasis added).

Here, the County has not demonstrated that the Court erred, let alone clearly erred, in granting summary judgment in favor of Plaintiffs and against the County on the issue of whether the mistake claimed by the County qualifies as a "factor other than sex" under the EPA's fourth exception. Accordingly, the motion for

MEMORANDUM DECISION AND ORDER - 4

reconsideration will be denied. *See S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (reconsideration of a court's prior ruling is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law" (citation omitted)).

### B. Request for Permission for Interlocutory Appeal

The County requests, alternatively, that the Court grant permission for an interlocutory appeal on the issue of whether the County's "mistake" falls within the scope of EPA's fourth statutory exception.

Because, as discussed above, the Court finds the case law on this issue to be clear, there are not substantial grounds for a difference of opinion, and the request for permission for an interlocutory appeal will accordingly be denied. *See* 28 U.S.C. § 1292(b) (district court may certify interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation"); *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (all three criteria for interlocutory appeal must be met to certify an issue) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).

# ORDER

**IT IS ORDERED** that Canyon County's Motion for Reconsideration of For Permission to Appeal and Motion to Stay Pending Appeal (Dkt. 51) is **DENIED**.

DATED: December 31, 2020

B. Lynn Winmill
U.S. District Court Judge